---

(Meigs County Court of Common Pleas.)

———— v. ————.

(Anonymous.)

---

The act of sodomy committed by a husband with a beast, does not constitute adultery under the laws of Ohio in regard to marriage and divorce, but does constitute extreme cruelty.

(Decided September, 1895.)

---

DeSTEIGUER, J.

This action was brought by the plaintiff against her husband to obtain a divorce and alimony. The petition contains two counts, each charging her husband with sodomy with a beast.

A general demurrer has been interposed to each count of the petition. The claim of the demurrant is, that causes of divorce and alimony in Ohio are purely statutory, and that sodomy is not one of the causes mentioned in the statute.

The claim of the plaintiff is two-fold; first, that sodomy is an aggravated species of adultery; second, that it is extreme cruelty if not adultery. Adultery is the voluntary sexual intercourse of a married person with a person other than the husband or wife. 1 Bishop on Marriage and Divorce, 703; 5 Am. and Eng. Ency. 581.

The offense of sodomy manifestly does not fall within this definition. Is sodomy on the part of the husband extreme cruelty towards the wife? This appears to be a question undecided by the courts of this country. Mr. Bishop says, "Whether its commission would be deemed to be either cruelty or adultery with us, is a question undecided," and counsel in the case have been unable to find any authority pro or con, and the question must be decided be recourse to legal principles. The same author in his work on Marriage and Divorce says: "But of those things in the law which require definitions, there is no one more difficult to define than legal cruelty." In general the courts in their adjudications have avoided giving affirmative definitions of legal cruelty. There are, however, some principles that have been pretty thoroughly settled by the adjudications on the subject.

The conduct of the offender must either do or threaten physical injury to the victim, and to such an extent as to require separation for the physical safety of his victim. It is not necessary that the injury should have been inflicted, if the danger is established. If the wronged party is shown to be in such danger, the court will not deny a remedy until the

wrong has been actually suffered.   While the injury to constitute legal cruelty must be such as to affect or threaten bodily injury to the victim, it is not necessary that it should be accomplished by force directly applied to the person; it may equally be acccomplished by indignities addressed to the mind; but if so addressed, they must be of such character as to either affect the bodily health or physical well being, or give rise to reasonable apprehension that such in the natural course of events would be the effect.   These principles are too well settled to require the citation of authorities.

Mr. Bishop has attempted, after a full examination of all the authorities, to give a definition to extreme cruelty in its legal sense.   In the first and second editions of his work on Marriage and Divorce, he defined it to be "Any conduct, in one of the married parties, which furnishes reasonable apprehension that the continuance of the co-habitation would be attended with bodily harm to the other."   In his third edition he defines it to be "Such conduct in one of the married parties as renders further cohabitation dangerous to the physical safety of the other, or creates in the other such reasonable apprehension of bodily harm as materially to interfere with the discharge of the marital duties."   In his fourth edition he defines it, "As such conduct in one of the married parties as renders a continuance of co-habitation either so dangerous to the other in fact, or attended with such reasonable apprehension of danger in the mind of the other, to the physical existence or comfort, as to demand a separation on the ground of the real physical safety of the other, or of mental or physical capacity in the other to discharge well the duties of husband or wife." 1 Bishop on Marriage and Divorce, fourth edition, 716, 717.

Tested by these principles and these definitions the act of sodomy charged is legal cruelty within the terms of our statute.   Unnatural practices of the kind charged are an infamous indignity to the wife, and would make the marriage relation so revolting to her that it would become impossible for her to discharge the duties of wife, and defeat the whole purpose of the relation.   In the natural course of things they would cause mental sufferings to the extent of affecting health, and would give rise to serious apprehension of communication to her of disease in case of the continuance of co-habitation.   Such conduct constitutes extreme cruelty as now expounded by the courts.   The petition includes an application for both divorce and alimony, and the demurrer would have to be overruled if the petition was a good one for alimony alone.   In the opinion of the court the plaintiff is entitled to both divorce and alimony if the charge made is sustained by proof.   The demurrer is overruled.   Leave taken to answer.

Russell & Webster, for plaintiff.

C. H. Grosvenor and Merrick & Lochery, for defendant.