DOROTHY SIMKINS PEDRICK, petitioner,

*v.*

LEONARD F. PEDRICK, defendant.

[Decided November 5th, 1930.]

*Messrs. Bourgeois & Coulomb,* for the petitioner.

*Mr. Emerson L. Richards,* for the defendant.

INGERSOLL, V. C.

The petition is based upon desertion. The defense is that the defendant was compelled to leave his home because "petitioner is possessed of an ungovernable temper and an insane jealousy which causes her to accuse defendant with having committed adultery with every woman with whom he and his wife were mutually acquainted, and to accuse him of illicit relations with almost all other women with whom he may have come in contact in his business, and as a result of such accusations has made life utterly miserable for defendant and also as a result of such unjustifiable jealousy petitioner has worked herself, on many occasions, to such a rage as to violently assault defendant, and other times to create such scenes that would utterly unnerve defendant so that he was unable to conduct his business," and that by reason thereof that such conduct and the physical violence

offered him by his wife was rapidly undermining his health and he was compelled to leave his home against his will.

Excluding for the moment her charges of adultery, her ungovernable temper, her outbursts of passion and jealousy and the physical treatment bestowed upon him, and her perseverance in tantalizing him are not crimes but are infirmities and defects which, in consideration of law, a husband undertakes to put up with when he takes his wife for better or worse.

Sir William Scott, in *Evans* v. *Evans, 1 Hagg. Cons. 35, 40,* referring to cruelty, said:

"What merely wounds the mental feelings is in few cases to be admitted where they are not accompanied with bodily injury, either actual or menaced. Mere austerity of temper, petulance of manners, rudeness of language, a want of civil attention and accommodation, even occasional sallies of passion, if they do not threaten bodily harm, do not amount to legal cruelty; they are high moral offenses in the marriage state undoubtedly, not innocent surely in any state of life, but still they are not that cruelty against which the law can relieve. Under such misconduct of either of the parties, for it may exist on the one side as well as on the other, the suffering party must bear in some degree the consequences of an injudicious connection; must subdue by decent resistance or by prudent conciliation; and, if this cannot be done, both must suffer in silence. And if it be complained that by this inactivity of the courts much injustice may be suffered, and much misery produced, the answer is that courts of justice do not pretend to furnish cures for all the miseries of human life. They redress or punish gross violations of duty, but they go no farther; they cannot make men virtuous; and as the happiness of the world depends upon its virtue, there may be much unhappiness in it which human laws cannot undertake to remove."

In morals it may be different. A man cannot desert his wife because she is extravagant or lazy, or swears, or uses coarse language, or is sickly, fretful, or of violent temper, or because she wreaks her temper or showers her coarse or

profane language upon him, and thus makes his life uncomfortable. Incompatibility of temper, as yet, has not, in New Jersey, been made by law a ground for divorce or for desertion. *Boyce* v. *Boyce, 23 N. J. Eq. 337* (at *p. 349*). The decree in this case was unanimously affirmed and the opinion of the chancellor adopted by the court of errors and appeals. *24 N. J. Eq. 588.*

Is the fact that this wife continuously, without cause, accused her husband of infidelity such extreme cruelty as would entitle him to a divorce upon that ground or result in constructive desertion upon his leaving? Had the proof been satisfactory and convincing that Pedrick's health had been seriously impaired by reason of the charges or from the notoriety arising by reason thereof, this might have been extreme cruelty. *Stover* v. *Stover, 94 N. J. Eq. 703; 19 C. J. 51.* The conduct of the wife was not sufficient to excuse the husband for his desertion of her.

*Youmans* v. *Youmans, 3 N. J. Mis. R. 576,* was a case where the wife accused the husband of undue intimacy with a married woman, and where she was guilty of such a course of conduct towards him as amounted to extreme cruelty, injuring his health, rendering it unsafe for him to remain there, and does not aid us in the determination of the present question.

Incompatibility of temper and the ordinary misunderstandings, which are more or less characteristic of the marriage relations, in many cases, have not been made grounds for divorce in this state, and those who are married must bear the real or fancied burdens they have assumed, unless the conduct of one entitles the other, that other being without fault, to a severance of the relation for one or other of the statutory causes. *Sachse* v. *Sachse, 107 N. J. Eq. 41.*

A decree *nisi* will be advised.