RUTH COHEN, Plaintiff, *v.* LOUIS COHEN, Defendant.

Supreme Court, New York County, March 19, 1951.

*Louis Fine* for plaintiff.

No appearance for defendant.

FERDINAND PECORA, Official Referee. By an order dated January 5, 1951, the above-entitled proceeding was referred to me to hear and report.

The proof was taken before me on the 20th day of February, 1951; on which proof and exhibits received in evidence, filed herewith and made a part hereof, I do hereby report as follows:

Presented, in this action by a wife for absolute divorce, is the question whether an act of sodomy alleged to have been committed by defendant constitutes an act of adultery. Plaintiff has proven that she married defendant in 1930, and that there is a son, seventeen and one-half years of age, issue of the marriage. The complaint alleges: '' That on or about the 20th day of March, 1946, the defendant herein committed adultery with a person unknown to plaintiff in the Township of Mahwah, County of Bergen, State of New Jersey.'' In support of that allegation, plaintiff offered in evidence the record of defendant's conviction, upon his plea of guilty, of the crime of sodomy, in the Bergen County Court of Quarter Sessions, New Jersey, on June 21, 1946. Defendant was sentenced to a term of imprisonment of not less than seven nor more than ten years in the New Jersey State Prison. The indictment indicates that defendant was charged with having committed the crime of sodomy upon a male person.

In *Ackerman* v. *Ackerman* (200 N. Y. 72, 76) the court said: " The courts of this state have no common-law jurisdiction over the subject of divorce, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute. (*Walker* v. *Walker,* 155 N. Y. 77.) The law of England concerning divorce was, under the act of 1858, the ecclesiastical and not the common law, and did not become a part of the law of this state. (*Burtis* v. *Burtis,* Hopk. Ch. 557.) In this state, prior to the first statute, that of March 30, 1787, the colonial governor and his council of the legislature had sole jurisdiction concerning divorces."

The statutes of this State assign only one ground for divorce, i.e., adultery (Civ. Prac. Act, § 1147). Whether the commission of an act of sodomy may constitute adultery is a question which does not seem to have been decided by the courts of this or any other State. (See 1 Bishop on Marriage, Divorce and Separation, § 1832, p. 756.) Adultery is defined in the Penal Law as " sexual intercourse of two persons, either of whom is married to a third person." (Penal Law, § 100.) In section 690 of the Penal Law (prior to the amendment thereof by L. 1950, ch. 525), defining sodomy, " carnal knowledge " is used in one portion of the statute, while the words " sexual intercourse " are given their usual meaning when reference is made to a dead body. I am of the opinion that the words " sexual intercourse " do not include the acts of carnal knowledge coming within the scope of the definition of sodomy. I am fortified in this conclusion by the fact that in England and in two sister States, sodomy and crimes against nature are specifically made distinct grounds for divorce, in addition to adultery. (Supreme Court of Judicature [Consolidation] Act, 1925, § 176, subd. [b]; Code of Alabama [1940] tit. 34, § 20, subd. 5; General Statutes of North Carolina [1943], ch. 50, § 5, subd. 5). These latter statutes recognize that the term " adultery " does not include within its ambit an act of sodomy.

While sympathetic with plaintiff's plight in the instant case, the court is powerless to alleviate it in the present action. The complaint should, therefore, be dismissed.