vials. He then used a gas chromatograph on a sample from each container. The device, he said, indicated substantial differences between the two samples. Opposed to this testimony were the statements of the proprietor of defendant that the entire process in defendant's plant consists of transferring contents of genuine Chanel bottles into defendant's vials. He denied emphatically that any substitute material is used and that any adulteration takes place. He impressed me as a truthful witness.

A gas chromatograph is a device for testing likenesses or differences between samples of any compound which lends itself to the process. I have rejected the results of the gas chromatograph in this case. There was no proof whatever that Chanel No 5 cologne is a uniform product. I will assume that its commercial success depends upon the buyer's getting with each new purchase substantially the odor and the consistency which she is accustomed to, but there is nothing in the record to show that plaintiffs do not have a choice of ingredients to produce such results. In short, there is no proof here that Chanel No 5 cologne is a compound which is always blended to a precise formula.

Judgment will be entered in favor of defendant and against plaintiffs. Costs are allowed.

W, PLAINTIFF, v.
W, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 6, 1967.

HORN, J. S. C. Plaintiff husband filed his complaint for divorce solely on the ground of adultery. At the final hearing he amply proved inclination and opportunity to commit adultery on the part of defendant and the named co-respondent. The co-respondent failed to apply for intervention though notice of his right was given him.

██ Defendant denied that she had had intercourse with the co-respondent. She established through her own testimony and also that of her gynecologist, supported by hospital records admitted in evidence, that approximately six years before the date of the alleged adultery she commenced receiving radium X-ray treatment for carcinoma of the cervix. These treatments continued for a long period of time. As a result of these treatments, her vagina was completely occluded and obliterated before the time of the alleged adultery. The doctor testified that not the slightest degree of penetration was possible.

Under these circumstances, may plaintiff succeed in his action?

The only grounds for divorce from the bond of matrimony are adultery; willful, continued and obstinate desertion for the term of two years, and extreme cruelty. *N. J. S.* 2A:34–2.

Obviously, adultery could not have been committed. Plaintiff argues, however, that since defendant and the co-respondent were observed alone in the co-respondent's apartment in a condition of undress, the term "adultery" should be construed by the court as broad enough to include lascivious conduct, or even under the circumstances here present, the performance of unnatural sex acts between defendant and the co-respondent.

There is no authority cited for this contention. It has long been held that if a case is not brought within the language of the above statute, there is no ground for divorce. *Linnekogel v. Linnekogel*, 95 *N. J. Eq.* 265 (*E. & A.* 1923). It is obligatory for a plaintiff seeking a divorce to show one of the three grounds for divorce as a condition precedent to the granting of same. *Grewe v. Grewe*, 138 *N. J. Eq.* 296 (*E. & A.* 1946); *Sachse v. Sachse*, 107 *N. J. Eq.* 41 (*E. & A.* 1930); *Linnekogel v. Linnekogel, supra; Foote v. Foote*, 61 *A.* 90 (*Ch.* 1905) (not officially reported); *States v. States*, 37 *N. J. Eq.* 195 (*Ch.* 1883); *Laing v. Laing*, 21 *N. J. Eq.* 248 (*Ch.* 1870); *Hedden v. Hedden*, 21 *N. J. Eq.* 61 (*Ch.* 1870); *Pedrick v. Pedrick*, 8 *N. J. Misc.* 792, 152 *A.* 83 (*Ch.* 1930).

Assuming that there is a presumption of the performance of unnatural sex acts under the circumstances, or even assuming the parties were actually seen to have engaged in such conduct, said conduct would still not constitute adultery. A divorce may not be granted for a cause not permitted by statute. 27A *C. J. S., Divorce,* § 53 (c), *p.* 169. It has been held that sodomy may not be included within the definition of adultery. *Ibid., n.* 59.

In *H v. H*, 59 *N. J. Super.* 227 (*App. Div.* 1959), plaintiff husband sought a divorce for extreme cruelty based on

the defendant's maintenance of an active homosexual relationship with another woman. It is noted that there had been another count charging the same acts to constitute adultery, but this count was withdrawn at the trial. The appellate court reversed the lower court which had denied the relief. The court there referred to a statement in 11 *N. J. Practice* (1950) (*Herr, Marriage, Divorce and Separation*) § 683, *p.* 36 (and see *Ibid.* (*3d ed.* 1963), § 1123, *p.* 383), which stated, without citation of authority, that sodomy, while not constituting adultery, may, upon coming to the knowledge of the other party, amount to extreme cruelty.

We are, of course, not dealing here with a charge of cruelty. If we were, there is no proof of the elements necessary for plaintiff to succeed.

In *Cohen v. Cohen,* 200 *Misc.* 19, 103 *N. Y. S. 2d* 426 (*Sup. Ct.* 1951), an action by a wife against her husband for divorce for his alleged adultery, which was attempted to be proven through a confession of sodomy, was dismissed. The court stated that its authority to grant a divorce was confined to the exercise of such express and incidental powers as were conferred by the statute which names only one ground for a divorce. That ground was adultery which did not include sodomy.

Even actual proof of sex conduct with a third person other than intercourse is not tantamount to adultery.

For these reasons the action will be dismissed.