18780

Alfred R. LANIER, Respondent, v. Dorothy L. LANIER, Appellant
(160 S. E. (2d) 558)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant,*

J. M. Long, Esq., of Myrtle Beach, for Respondent,

April 11, 1968.

BRAILSFORD, Justice:

In this action for divorce the question for decision is whether the county judge erred by refusing to relieve the wife of her default and to permit her to file an answer.

The action was commenced by service of the summons and complaint on the wife on January 6, 1967. Shortly after the expiration of the time for answering the complaint, she filed a verified petition stating that the reason for her failure to answer the complaint was that the parties resumed cohabitation as husband and wife on January 22, 1967, and continued to live together until January 28, 1967, when the husband left the marital abode. At the same time, the wife served a proposed answer in which she pled the resumption of cohabitation, with full knowledge by the husband of the charges against her, as condonation of the said offenses and as a defense to the action for divorce.

After a delay in the hearing of the wife's petition, apparently because of the illness of the judge, the husband secured an order granting him exclusive temporary custody of the children of the parties.

On July 10, 1967, the husband filed a verified petition in which he sought the dismissal of the wife's petition for leave

to answer and an adjudication that she was in default. In this petition the husband stated that "the matters and things alleged in the proposed answer by the defendant were false and fictitious, and that no part of same is true." However, this petition further alleged that in an attempt to accomplish a reconciliation the husband resumed living with his wife on May 25, 1967, and the parties continued to live together until June 8, 1967, when the wife absconded taking with her the children and all available money.

By the order appealed from, the court denied the wife's petition for leave to answer, declared her to be in default and declared the husband to be entitled to an order of reference "without further notice to the (wife)." Recognizing that the law does not favor defaults in divorce actions, the court stated that ordinarily the wife's motion for leave to answer should be granted. However, the court found that she was not "due any further consideration" in this case because of her conduct in taking the children and depriving the husband of his right to their custody in "direct violation" of the previous order of the court.

Even assuming that the order granting exclusive custody to the husband survived the resumption of cohabitation by the parties on May 25, 1967, as to which we express no opinion, we are convinced that the court erred in refusing to permit the wife to file an answer. Her petition, which was filed soon after the commencement of the action, clearly established a *prima facie* case of excusable neglect and a meritorious defense. No more was required to entitle her to relief under the statute. "The Court does not attempt, on motions of this kind, to decide the case on its merits, but only decides whether a *prima facie* showing has been made of a meritorious defense." *Jenkins v. Jones,* 208 S. C. 421, 38 S. E. (2d) 255.

Society has an interest in the preservation of marriages, and defaults in divorce actions are more readily opened than in other cases. *Holliday v. Holliday,* 235 S. C. 246, 253, 111 S. E. (2d) 205, 209. A duty rests

upon the court to prevent the disruption of the marital relationship "except under circumstances and for causes fully sanctioned by law." *Grant v. Grant*, 233 S. C. 433, 437, 105 S. E. (2d) 523, 525.

Condonation is an affirmative defense which should be pleaded. However, the duty of the court to preserve marriage transcends the procedural rights of the parties, and a divorce will be denied where the evidence establishes condonation, even though this defense was not pleaded. *McLaughlin v. McLaughlin*, 244 S. C. 265, 272, 136 S. E. (2d) 537, 540. Here the allegations of both the husband and wife signal the existence of substantial issues as to condonation, which the court, in the interest of society, must be astute in resolving. To deny the wife the privilege of supporting this defense, if she can, is inimical to the intelligent discharge of this duty. We think that the court's judgment was affected by error of law in failing to give controlling weight to the principles above adverted to.

Reversed and remanded.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.