18919

Dennis NEVES, Appellant, v. Magdalene NEVES, Respondent
(167 S. E. (2d) 568)

*Clement L. McEachern, Esq.,* of Greenville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, for *Respondent,*

May 7, 1969.

BUSSEY, Justice.

This is a divorce action, the appeal being by the husband from a decree of the Family Court of Greenville County granting the wife a divorce on the ground of physical cruelty and awarding her attorney's fees. At the outset, we find that it is at least doubtful whether any of the husband's exceptions are sufficiently framed or stated, in compliance with the pertinent rule, to properly present any issues for the decision of this court. Bearing in mind, however, the interest of the State in the preservation of marriage bonds, we shall consider what appears to be the principal contention of the appellant-husband.

The first question stated and argued has to do with an interim order of the court from which there was no appeal, and such question is, therefore, not before the court. All other questions argued are predicated on the assumption that the conduct of the husband had been condoned by the wife.

The parties were married on March 20, 1965, and there are no children of the marriage. The wife had two illegitimate children, born prior to the marriage, the husband not being the father thereof. At some undisclosed time prior to August 1967, the parties separated and there is evidence that such was not the first separation. On August 26, 1967, the husband instituted a divorce action against the wife on the ground of alleged physical cruelty, and

from then until the date of the divorce decree, September 17, 1968, the parties were before Judge Roper of the Family Court and his predecessor, Judge Hicks, on numerous interim proceedings, many of which are not contained in the present record. The wife demurred to the complaint and also petitioned for a rule to show cause why she should not be paid attorney's fees. The husband filed a return and answer thereto, and on September 5, 1967, he was committed to jail for contempt of court, but went on a hunger strike and was, on September 18th, released for reason of health.

After still further interim proceedings, the wife, on January 3, 1968, filed an answer and counterclaim or cross complaint charging the husband with physical cruelty and asking for a divorce on such ground. She did not seek alimony but did seek attorney's fees. There followed thereafter still other interim proceedings, until finally the divorce action was brought on for a hearing on the merits by the wife, apparently shortly prior to the final decree, though the date of the hearing does not appear in the record.

Until the hearing, the husband had not filed a reply to the wife's cross action, but counsel for the husband stated that he was defending the wife's cross action on the general denial and that he would not pursue his complaint.

The sufficiency of the evidence to warrant granting the wife a divorce for physical cruelty is not challenged. Subsequent to the divorce decree, the husband having served notice of appeal, an additional order was entered providing for additional counsel fees and costs in connection with the appeal. Not challenged is the amount of fees ordered or the husband's ability to pay. The husband contends, however, that the wife was entitled to neither a divorce decree nor counsel fees, it being asserted by counsel for the husband that there was a reconciliation between the parties in December 1967, and a condonation by the wife of the conduct of the husband.

After filing no reply and announcing at the commencement of the hearing that the husband was defending only

on a general denial, counsel for the husband, on cross-examination of the wife, asked the following question:

"Q. The following December did you two live together?"

Objection was interposed and sustained on the ground that condonation was an affirmative defense and had not been pled. Counsel for the husband then stated that he desired to change the general denial to plead the fact that the parties had lived together as man and wife in December 1967, but his motion was overruled.

Later, in direct examination of the husband, referring to an incident which had happened in the apartment of the wife in August 1967, there occurred the following question and answer:

"Q. After you left the apartment, did you ever go back to live with her as man and wife?

"A. No."

The next question and answer was as follows:

"Q. Would you like to reconcile your differences with her Mr. Neves and try to competuate (sic) your marriage?

"A. I have been trying to reconcile our differences with her for over a year."

The foregoing testimony by the husband is at clear variance with the contention that there was anything like a reconciliation and condonation in the preceding December. If, perchance, the husband misunderstood either the questions, or the purport of his answers, no effort whatever was made by his counsel to clarify his testimony.

Counsel for the husband made no effort at any stage of the hearing to proffer, for the record alone, evidence, if any he had, tending to prove a reconciliation or condonation.

After the decree of divorce, counsel for the wife, based on the decisions of this court in *Lanier v. Lanier,* 251 S. C. 117, 160 S. E. (2d) 558 (1968) and *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537 (1964), be-

came apprehensive that he and the trial court might have been in error with respect to the purported defense of condonation. Counsel frankly states that he was not familiar with the cited decisions at the time of the hearing. In any event, he contacted the husband's attorney by telephone and in writing, agreeing to reopen the case for the purpose of taking testimony regarding condonation. Such offer was refused by counsel for the husband, who took the position that such solution would not be satisfactory unless the wife affirmatively agreed to a reconciliation. This latter matter appears not in the record, but in the brief of the wife, with the acquiescence and consent of counsel for the husband. From the foregoing, it is quite patent that the offer to reopen the case was flatly rejected by counsel for husband. The offer on behalf of the wife was to allow the husband to fully litigate any defense he had to her cause of action and to remove any possible prejudice to the husband from the rulings on the hearing with respect to condonation. Instead of accepting such offer, the husband's response was, in effect, a demand that she abandon her cause of action. Had the offer been accepted, this appeal, if before us at all, would certainly not be here in its present posture.

The cases of *McLaughlin v. McLaughlin* and *Lanier v. Lanier, supra,* are factually distinguishable from the case at bar. Both of those decisions recognized that condonation is an affirmative defense which should be pleaded. In the McLaughlin case the divorce was denied where the evidence established condonation, even though that defense was not pleaded. In the Lanier case the allegations of both the husband and wife signaled the existence of substantial issues as to condonation . On the basis of the record before us, there is nothing to show that any substantial issue as to condonation actually existed, and we would not be warranted in holding that the trial court was in error. From the many interim proceedings, the court may well have had first-hand knowledge of precisely what had previously gone on between the parties and had every

reason to believe, if not know, that no substantial issue of condonation, in fact, existed.

But even if we assume that there was error, the record fails to show any prejudice. The unexplained testimony of the husband to the effect that the parties had not lived together as husband and wife since August 1967, is at variance with the contention that there was in fact a reconciliation and condonation by the wife in December 1967. Again, if we assume both error and prejudice, insofar as the husband is concerned, we think the same was clearly waived when he flatly rejected the offer of the wife to reopen the case and allow him to offer any evidence he had bearing on reconciliation and the lately asserted defense of condonation.

We are quite mindful of the interest of the State in the preservation of marriage and the duties of the courts with respect thereto. The courts, however, are without power to compel a reconciliation between husband and wife. An analysis of the instant record leads to the conclusion that the husband is at least to some extent emotionally disturbed, and seeks not truly the preservation of a marriage, but in effect a compulsory reconciliation against the will of the wife.

We conclude that the appeal is without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Wade S. Weatherford, Jr., Acting Associate Justice, concur.