20466

Lurline F. MURPHY, Respondent, v. Caleb MURPHY, Jr., Appellant.
(236 S. E. (2d) 417)

*Betty M. Sloan,* of Columbia, *for Applelant,*

*Jack McQuinn,* of Columbia, *for Respondent,*

July 13, 1977.

RHODES, Justice:

The basic question involved in this appeal is whether a county judge has the authority to entertain an action which contains the same issues previously dismissed by another judge of the same court having concurrent jurisdiction. We hold that no such authority exists and reverse.

In the present case the respondent had commenced an action on June 2, 1976, for a divorce on the grounds of adultery. She alleged in her petition that such act had occurred on May 25, 1976, and she also named the individual who allegedly participated in the adultry. Judge Owens T. Cobb, Jr., Associate Judge of the Richland County Court, issued a Rule to Show Cause pursuant to the petition and made it returnable before him on July 9, 1976. The petition was duly answered, and the appellant appeared with his attorney at the time and place specified in the Rule. The respondent also appeared and was represented by counsel.

The parties continued to live in the same residence from the time of the commencement of the action until and including the day of the hearing on the Rule to Show Cause. At the hearing, this fact was brought to the attention of the trial judge at a conference between counsel and the court.

Upon inquiry by the court, this fact was confirmed by the parties' respective counsel. The court then issued its order of dismissal as to both the Rule and the petition, even though the appellant had not pled condonation as a defense. *See Lanier v. Lanier,* 251 S. C. 117, 160 S. E. (2d) 558 (1968); *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537 (1964). This order was reduced to writing and signed on July 19, 1976. It was duly filed and a copy was forwarded to counsel for the respondent on July 23, 1976.

The respondent did not appeal to this Court from the order of dismissal executed by Judge Cobb but, instead, commenced an action before the Honorable Legare Bates, Senior Judge of the Richland County Court. In this subsequent action, respondent sought relief from Judge Cobb's order of dismissal under S. C. Code § 10-1213 (1962). In the alternative, respondent asked for a divorce *a mensa et thoro.* The petition contained precisely the same allegation of adultery as contained in the petition originally filed wth Judge Cobb —that is, the same date and with the same person. Attached to the new petition was a Rule to Show Cause returnable on August 4, 1976, signed by Judge Bates, requiring the appellant to show cause why the order of dismissal signed by Judge Cobb should not be set aside. On August 24, 1976, the appellant was served with an order of enforcement predicated on an affidavit, which forbade the appellant to go upon his residential premises and which provided that he should be immediately taken into custody if found thereon.

The Richland County Court, from which this appeal is taken, was established by special election and an act of the General Assembly in 1917. *See* 1917 *Acts and Joint Resolutions of the General Assembly,* p. 156. That act and subsequent amendments provided for the jurisdiction of that court. *See* S. C. Code § 15-764 (1962); *City of Columbia v. South Carolina Public Service Commission,* 242 S. C. 528, 131 S. E. (2d) 705 (1963).

The Richland County Court's appellate jurisdiction is limited to appeals from judgments rendered in magistrates' courts in civil cases. It is provided in S. C. Code § 15-779 (1962) that in all civil actions, criminal proceedings, and special proceedings of which the county court shall have jurisdiction, the right of appeal shall be to the Supreme Court in the same manner and under the same rules, practices, and procedure which govern appeals from the circuit courts.

In S. C. Code § 15-752 (1962) it is provided that the county court shall be presided over by two county judges who shall have concurrent jurisdiction. The judge having served the longer period of time as judge of the county is to be designated as senior judge. However, the statute does not provide any disparity between the authority, duties, or jurisdiction of the two judges.

The ruling of Judge Cobb in the instant case was binding on all the parties concerned. Unappealed from, it became the law of the case. It is manifest that Judge Bates had no authority, in effect, to reverse the previous order of Judge Cobb on the same facts and allegations. The actions taken by Judge Bates were without authority of law and of no effect. *Ex Parte The State of South Carolina (In Re Brittian)*, 263 S. C. 363, 210 S. E. (2d) 600 (1974).

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.