20821

Margaret Elizabeth GRUBBS, Appellant, v. Charles Andrew GRUBBS, Respondent.

(249 S. E. (2d) 747)

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Rex L. Carter,* of *Carter, Philpot, Johnson & Smith,* and *David D. Armstrong,* Greenville, *for respondent.*

November 28, 1978.

Ness, Justice:

The Family Court denied both parties a divorce, awarded the wife certain relief, but held her barred from receiving alimony due to improper conduct some eleven years ago. We affirm in part and reverse in part.

The appellant wife sought a divorce from respondent on the grounds of physical cruelty and/or adultery. Mr. Grubbs counter-claimed for a divorce on the grounds of habitual drunkenness or habitual use of drugs and/or adultery. Both parties sought custody of the three children.

While concluding that neither party was entitled to a divorce, the lower court granted them a legal separation, and awarded custody of the daughter to the wife and custody of the two boys to the husband. The wife was granted child support of $592 per month, plus the expenses of the daughter at private school. The $592 award consists of $300 per month actual support for the daughter and $292 a month for mortgage payments on the home in which mother and daughter reside.

The trial judge found the wife guilty of adulterous conduct and, pursuant to Code § 20-3-130 (1976), denied her request for alimony. However, the court concluded the wife was entitled to the sum of $65,000 as payment for services she rendered to the parties' business, Ye Olde Fireplace, a Greenville restaurant.

The appellant wife asserts the trial court erred in holding her barred from receiving alimony because of her one incident of adultery some eleven years earlier. We concur.

While Mrs. Grubbs admitted committing a single indiscretion in 1966, this should not prevent her from receiving alimony. The parties continued to live together for over ten years following the offense. Despite the husband's assertion that he only recently discovered Mrs. Grubbs' prior adulterous conduct, we believe the preponderance of the evidence indicates he condoned her isolated act of infidelity.

"Condonation in the law of divorce means forgiveness, express or implied, by one spouse for a breach of marital duty by the other." 27A C.J.S. Divorce § 59, p. 194. While knowledge of the offense by the forgiving

spouse is one of the critical factors establishing condonation, knowledge may be presumed in some instances. According to 24 Am. Jur. (2d), Divorce and Separation § 209, p. 365:

"One of the essential elements of condonation is the forgiving spouse's knowledge, *either actual or presumed,* of the offense alleged to have been forgiven or condoned." (Emphasis supplied.)

In *McLaughlin v. McLaughlin,* 244 S. C. 265, 274, 136 S. E. (2d) 537, 541 (1964), the Court quoted with approval the following language from 27A C.J.S. Divorce § 123(9), p. 423:

"Condonation may be presumed from cohabitation; and lapse of time, or a continuance of marital cohabitation with knowledge of the offense, raises a presumption of condonation."

The husband's bare assertion that he did not learn of his wife's affair until over ten years after it occurred is insufficient to rebut the presumption of condonation arising from the lapse of time, the cohabitation of the parties, and other related conduct by the husband. We reverse that portion of the trial court's order holding the wife barred from receiving alimony, and remand for a determination of the amount of alimony to be awarded.

The respondent, Mr. Grubbs, asserts the court erred in concluding he was not entitled to a divorce on the ground of his wife's habitual use of drugs. We disagree.

While the husband produced evidence of his wife's use of diet pills, we do not believe he established she was sufficiently dependent on drugs to classify her as a habitual user or that her use continued up to the time of trial. Accordingly, this contention is without merit. See *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107 (1956).

The husband also asserts the trial court erred in requiring him to pay the full amount of the mortgage payments on the wife's home and in the amount ordered as child support for his daughter. All the evidence indicates that Mr. Grubbs is a wealthy man engaged in a profitable business enterprise. Accordingly, we do not believe the $592 combined payment is excessive.

Finally, respondent asserts the court erred in requiring him to pay his wife $65,000 for services rendered at Ye Olde Fireplace. We agree.

While it is undisputed that Mrs. Grubbs worked over eight years at the restaurant without receiving any salary, the trial court had no authority to make such an award for back pay. There is nothing in the pleadings or the record to support it. Mrs. Grubbs' interest in Ye Olde Fireplace is represented by her twenty per cent ownership in the business. (Tr. p. 217). She neither sought nor proved her entitlement to back salary. The trial court erred in awarding her the $65,000.

We affirm that part of the order granting the parties a legal separation and awarding Mrs. Grubbs $592 per month as support for the daughter. We reverse that portion of the order requiring Mr. Grubbs to pay his wife $65,000 as past salary and denying her alimony. The matter is remanded to the Family Court for a determination of alimony and attorney's fees.

Affirmed in part and reversed in part.

LEWIS, C.J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.