## 0550

John DOE, Appellant, v. Jane DOE, Respondent.[1]

(334 S. E. (2d) 829)

Court of Appeals

---

[1] For reasons which will soon become obvious, this court, on its own motion, has substituted pseudonyms for the true names of the parties.

*Larry C. Brandt,* Walhalla, *for appellant.*

*James L. Williams,* Seneca, *for respondent.*

Heard June 26, 1985.

Decided Sept. 10, 1985.

SANDERS, Chief Judge:

This is an appeal from a decree of the Family Court granting respondent wife a divorce from appellant husband on the ground of one year continuous separation and awarding her alimony in the amount of $200 per month. We affirm.

The husband presents four questions on appeal: (1) whether the trial judge erred in not holding the commission by the wife of an act of fellatio outside the marital relationship constitutes an act of adultery so as to bar her from receiving alimony; (2) whether the trial judge erred in not holding that the conduct of the wife so contributed to the breakup of the marriage that she should be denied alimony; (3) whether the trial judge erred in failing to grant the husband a divorce on the ground of adultery; and (4) whether the trial judge erred in awarding alimony to the wife in view of her waiver of alimony in a prior separation agreement entered into between the parties. The material facts are largely undisputed.

## QUESTIONS 1 AND 3

The husband's first and third questions raise the issue of whether an act of fellatio is an act of adultery so as to bar

alimony as a matter of law and entitle him to a divorce on the ground of adultery.

The wife admits that, during her marriage to the husband, she committed a single act of fellatio upon another man. The husband does not contend there is any evidence proving the wife engaged in any misconduct of a sexual nature other than the single act of fellatio which she admits.

The husband relies on two sections contained in Title 20, Chapter 3 of the 1976 Code of Laws of South Carolina, as amended. Section 20-3-130, provides that "[n]o alimony shall be granted an adulterous spouse." Section 20-3-10 provides that adultery is a ground for divorce. Neither section defines the term adultery. Nor does the Code otherwise provide a definition of the term applicable to these sections.

Adultery has been defined in an early South Carolina case, construing a different statute, as "the illicit intercourse of two persons, one of whom, at least, is married." *Hull v. Hull*, 26 S. C. Eq. (2 Strob. Eq.) 174, 187 (1848).[2]

Definitions of fellatio are available from a number of sources, but not this opinion. *See, e.g., State v. Warren*, 59 N. C. App. 264, 296 S. E. (2d) 671 (1982); *Webster's Ninth New Collegiate Dictionary* 455 (9th ed. 1983).

We are aware of no case in any state directly addressing this issue. Courts in other states have addressed similar issues with mixed results. *See, e.g., W v. W*, 94 N. J. Super.

---

[2] The crime of adultery in South Carolina is defined as "the living together and carnal intercourse with each other or habitual carnal intercourse with each other without living together of a man and woman when either is lawfully married to some other person." Section 16-15-70. Case law in South Carolina holds that to constitute the crime of adultery, where the man and woman are not living together, the intercourse must be "habitual; that is, frequent, occasional acts will not be sufficient." *State v. Carroll*, 30 S. C. 85, 87, 8 S. E. 433, 434 (1889). Criminal cases in other states have recognized broader definitions of the terms adultery and sexual intercourse. *See, e.g., Copeland v. State*, 108 Tex. Cr. 228, 239, 300 S. W. 86, 91 (1927) (in deciding the insufficiency of an indictment for criminal libel, court cited definitions of adultery from *Webster's International Dictionary:* "The unfaithfulness of a married person to the marriage bed. Lewdness or unchastity of thought as well as an act forbidden by the Seventh Commandment."); *Commonwealth v. Bucaulis*, 6 Mass. App. 59, 66, 373 N. E. (2d) 221, 226 (1978), *cert. denied*, 439 U. S. 827, 99 S. Ct. 100, 58 L. Ed. (2d) 121 (1978) (in construing term sexual intercourse as including fellatio under a statute making it unlawful to suffer the presence of females on premises to engage in sexual intercourse, court cited another statute providing punishment for a person who "has sexual intercourse or unnatural sexual intercourse, and abuses a child under sixteen.").

121, 226 A. (2d) 860 (1967) (held husband not entitled to divorce on ground of adultery from wife, whose vagina was completely occluded, based on her performance on another man of "unnatural sex acts" [sic] ); *Cohen v. Cohen,* 200 Misc. 19, 103 N.Y.S. (2d) 426 (Sup. Ct. 1951) (held wife not entitled to divorce from husband on ground of adultery based on his confession of "sodomy upon a male person"); _____ v. _____ , (Anonymous), 2 Ohio N.P. 342, 3 Ohio Dec. 450 (1895) (held wife not entitled to divorce from husband on ground of adultery based on his "sodomy with a beast").

*See also, e.g., Owens v. Owens,* 247 Ga. 139, 140, 274 S. E. (2d) 484, 485 (1981) (in construing a rule of procedure which prohibited testimony by a person as to adultery by her spouse, court held "both extramarital homosexual, as well as heterosexual, relations constitute adultery"); *Rosser v. Rosser,* 355 So. (2d) 717 (Ala. Civ. App. 1977), *cert. denied sub nom. Ex Parte Rosser,* 355 So. (2d) 722 (Ala. 1978) (in holding wife entitled to collect attorney's fees from husband despite her having committed fellatio, court referred in dicta to wife's act as "adultery").

The paucity of legal precedent on the issue of whether fellatio is adultery suggests that it is not one which society cries out to have resolved. Not for this reason, but because it is unnecessary for us to resolve this issue here, we decline to do so.

According to the undisputed evidence, although relations were strained between the parties after the husband learned what the wife had done, he continued to cohabit and voluntarily engage in sexual intercourse with her for approximately five months.

> Condonation in the law of divorce means forgiveness, express or implied, by one spouse for a breach of marital duty by the other.

*Grubbs v. Grubbs,* 272 S. C. 138, 140, 249 S. E. (2d) 747, 749 (1978).

> Condonation may be presumed from cohabitation; and lapse of time, or a continuance of marital cohabitation with knowledge of the offense, raises a presumption of condonation.

*McLaughlin v. McLaughlin*, 244 S. C. 265, 274, 136 S. E. (2d) 537, 541 (1964).

In *Grubbs*, the court held that a single act of adultery was an improper basis to deny the wife alimony where the husband had condoned the act by continuing to live with her for more than ten years. In *McLaughlin*, the court held the wife could not be granted a divorce based on an act of physical cruelty by the husband where she had condoned the act by continuing to live with him for approximately five months even though their relationship was strained during this period.

The trial judge here did not make any finding or conclusion as to whether the act of the wife had been condoned by the husband. Instead he concluded that "the act of fellatio does not constitute adultery." Nevertheless, we have the right to sustain his order on any ground appearing in the record. Rule 4, § 8, Rules of Practice in the Supreme Court of South Carolina; *Westbury v. Bauer*, _____ S. C. _____ , 326 S. E. (2d) 151 (1985); *State v. Johnson*, 278 S. C. 668, 301 S. E. (2d) 138 (1983).

The wife's pleadings do not mention the defense of condonation by name. However, our Supreme Court has held that, while condonation is ordinarily an affirmative defense which must be pleaded, if the evidence shows condonation, it is the duty of the court to so find without pleading. *Lanier v. Lanier*, 251 S. C. 117, 160 S. E. (2d) 558 (1968). Our Supreme Court has also held that the defense of condonation may even be raised for the first time on appeal. *McLaughlin v. McLaughlin*, 244 S. C. 265, 136 S. E. (2d) 537. The holdings in these cases may have been superseded by the subsequent adoption of Family Court Rule 11 which expressly provides that "[r]ecrimination and condonation shall be pleaded as affirmative defenses." It is also unnecessary for us to decide whether these holdings have been superseded because a careful reading of the pleadings here reveals that the defense of condonation was pleaded.

Although the wife did not explicitly plead the defense of condonation, the husband's amended petition (which was the first pleading alleging adultery on the part of the wife) alleged the wife had committed adultery "without the condonation and/or consent of the petitioner." The wife's re-

sponsive pleadings (which she styled a "reply" and an "amended reply") denied this allegation thereby putting in issue both the fact of whether she had committed an act of adultery and the fact of whether any such act had been condoned. *See* Family Court Rule 12 ("The petition and all other pleadings shall be liberally construed.").

For these reasons, we hold that the act of fellatio by the wife was condoned by the husband so that even if the act was an act of adultery, the husband cannot avail himself of it as a bar to paying the wife alimony as a matter of law or as a ground for divorce.

## QUESTION 2

The husband's second question raises the issue of whether the conduct of the wife so contributed to breaking up the marriage that she should be denied alimony.

The trial judge found the wife was in high school at the time she and the husband were married and did not complete her education until after the birth of their first child, but worked for three years while the husband was completing his education. He further found the wife had been a housewife and mother for the last ten years of the marriage.[3]

The husband testified he and the wife had a good marriage until one of their children was seriously injured in an accident. He testified they were so affected by seeing their child maimed for life, they began to argue about "everything." He said their relationship continued to deteriorate for about ten months when the wife confessed to him she had committed the act of fellatio approximately three months earlier. The wife testified as to her repentant and remorseful attitude about her transgression. The husband testified he initially felt at fault himself for not having been more loving toward the wife. Although the husband testified he was never able to forgive the wife and never trusted her

[3] Evidence supporting these findings was not included in the Transcript of Record on appeal, but the husband took no exception to the findings by the trial judge as to these facts. *See Stein v. Xepapas*, 204 S. C. 239, 29 S. E. (2d) 257 (1944) (held where no exceptions are taken on appeal to findings, appellate court need not consider whether findings are correct); *Brothers & Sisters of Charity v. Renfroe*, 57 Ga. App. 646, 654, 196 S. E. 135, 140 (1938) (held where no exceptions are taken to findings of fact or law, findings become the "law of the case").

thereafter, he also testified he continued to live with her "to preserve the marriage."

The husband also testified that disputes between him and the wife continued, centering aound his objection to her spending too much time on outside activities instead of staying home and "rebuilding my trust." He said when he called home and the wife was not there, he became "very paranoid." He admitted having broken a set of dishes during one dispute and taking the wife's driver's license from her and taking the wheels off her car on other occasions. He characterized his latter actions as follows:

> I took away her means of transportation and I guess to somebody that's used to having a car, you know, that's kind of restrictive, but, you know, I was asking her to exercise some judgment and her own restriction and when she wouldn't I disciplined her like a child, you know, like a recalcitrant child, I guess because, you know, that was about how she was acting.

The husband did not attribute the cause of their separation, about five months after the wife's confession, to any further misconduct by her similar to the act to which she had confessed, but rather testified he had told her to leave because she insisted on taking a job outside the home.

Unless alimony is barred as a matter of law, the award or refusal to award alimony is a matter left to the discretion of the trial judge. *Clardy v. Clardy*, 266 S. C. 270, 222 S. E. (2d) 771 (1976). Based on the evidence here, we find no abuse of discretion by the trial judge in awarding alimony to the wife.

## QUESTION 4

The husband's fourth question raises the issue of whether the wife should be denied alimony based on a separation agreement she entered into with him.

Soon after the parties separated, they entered into a written separation agreement providing for a property settlement "and any and all consideration of family support maintenance and alimony." Under the terms of the agreement, the wife acknowledged the provisions of the agreement were "fair, adequate, and satisfactory to her." The

agreement further provided the wife accepted its provisions "in full and final settlement and in satisfaction of all claims and demands for alimony."

The husband petitioned the Family Court for an order confirming the agreement. The wife denied the agreement was fair and prayed that the husband "be required to provide a reasonable amount of alimony and separate maintenance, both *pendente lite* and permanently."

The wife testified she signed the agreement because the husband had threatened to take her children and "have my name drug through the mud all over town."

The trial judge found "the separation agreement, as it pertains to the property division, is fair and equitable." But on the issue of alimony and support, he found "the agreement to be unfair and inequitable." In doing so the trial judge considered the length of the marriage, the parties' ages, incomes, needs and obligations, as well as their financial status and relative contributions to the marriage. In addition, the trial judge took into account certain tax information supplied by an accountant. He further stated in his order:

> "This finding is made with full recognition and appreciation by the court of Respondent's acts which contributed substantially to the breakup of the marriage and which would normally bar her from alimony, as well as her express waiver of alimony in the agreement and her full understanding of same at the time she entered into it."

Where one party seeks Family Court approval of a settlement agreement between a husband and wife and the other party repudiates it, the court must first determine if the agreement was freely and voluntarily entered into and next determine if it is fair under all circumstances. *Funderburk v. Fundeburk*, ____ S. C. ____ , 332 S. E. (2d) 205 (1985).

Based on the evidence here, we conclude the trial judge was correct in not enforcing the separation agreement entered into by the parties insofar as it pertains to alimony.

Accordingly, the decree of the Family Court is Affirmed.

GARDNER and GOOLSBY, JJ., concur.